[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13083
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00033-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ETHEL MAE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2009)

Before CARNES, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Ethel Mae Jackson, through counsel, appeals the district court's denial of her

motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). Jackson's § 3582(c)(2) motion was based on Amendment 706 to the sentencing guidelines, which reduced the base offense levels applicable to crack cocaine. Jackson contends that the district court erred in denying her motion because: (1) the Sentencing Commission effectively, if not expressly, reduced the base offense level applicable to her offense; and (2) the court possessed the authority under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), to treat the guidelines as advisory in her case.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment where a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. Where a defendant's guideline range remains unchanged by Amendment 706 because her offense involved 4.5 kilograms or more of crack cocaine, a district court is not authorized to reduce the defendant's sentence under § 3582(c)(2). United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, Jones v. United States, No. 08-8865

2

(Mar. 23, 2009).

Jackson's offense involved at least 15 kilograms of crack cocaine. As a result, Amendment 706 did not lower her guidelines range and she was not eligible for a sentence reduction under § 3582(c)(2). See U.S.S.G. § 2D1.1(c)(1); Jones, 548 F.3d at 1369. Moreover, the Supreme Court's decision in Booker neither gave the district court authority to treat the guidelines as advisory in Jackson's § 3582(c)(2) proceeding, United States v. Melvin, 556 F.3d 1190, 1192–93 (11th Cir. 2009), petition for cert. filed, No. 08-8664 (Feb. 10, 2009), nor provided an independent jurisdictional basis for a sentence reduction under § 3582(c)(2). United States v. Moreno, 421 F.3d 1217, 1220–21 (11th Cir. 2005). The district court did not err in denying Jackson's § 3582(c)(2) motion.

**AFFIRMED.**